IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:19-cr-176 (LMB) |
| ALKESH TAYAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant has filed a Motion for Reduction in Sentence Pursuant to 18 U.S.C.

§ 3582(c)(1)(A) ("Motion"), in which he requests early release from his three-month prison

sentence because of the conditions created by the Covid-19 pandemic.

To be eligible for compassionate release a defendant must have first "fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

defendant's behalf," or 30 days must have passed from the warden's receipt of such an appeal.

18 U.S.C. § 3582(c)(1)(A). The parties dispute whether defendant's first attempt at exhausting

his claim ever reached the Warden of Cumberland FCI, where he is incarcerated, [Dkt. No. 114]

at 10[1]; however, the Warden has confirmed receipt of a request for release from defendant on

September 11, 2020. Id. The parties therefore agree that as of October 11, 2020, defendant's

claim was fully exhausted.

In addition to meeting all administrative exhaustion requirements, an inmate seeking to

modify a sentence under § 3582(c)(1)(A)(i) must also show "extraordinary and compelling

---

[1] Defendant sent this first request to the Warden on August 19, 2020, [Dkt. No. 109] at 7; he did
not report to Cumberland FCI to begin serving his sentence until August 21, 2020. Id. at 1.

reasons to warrant [ ] a reduction" of the sentence. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." <u>United States v. Feiling</u>, No. 3:19-cr-112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020); <u>see also</u> <u>United States v. White</u>, No. 2:07-cr-150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020). In this case, defendant has shown neither particularized susceptibility nor particularized risk. Defendant argues that his prediabetic status, back injuries, and need for oral surgeries place him at greater risk for Covid-19, but cites no evidence that any of those health problems increase his susceptibility to Covid-19. [Dkt. No. 109] at 4. Even if such evidence existed, the current risk of contracting the virus at Cumberland FCI is low, as the BOP reports no active cases among inmates or staff members.[2]

Defendant also argues that the BOP's requirement that he quarantine for 21 days before his release on November 19, 2020 is so great a hardship that it fundamentally alters his sentence. [Dkt. No. 118] at 2. Although his Motion urged that his risk of contracting the virus at Cumberland FCI was so serious as to warrant his immediate release without finishing his sentence, [Dkt. No. 109] at 9, he now argues that the risk that he could have contracted the virus is so low as to warrant his immediate release without quarantining. [Dkt. No. 118] at 2. This newest argument is without merit. One factor which courts have considered when applying § 3582 to the Covid-19 pandemic is whether early release could expose members of the public outside of the facility to a higher risk of contracting the virus. <u>See</u> <u>Feiling</u>, 2020 WL 1821457, at *8; <u>White</u>, 2020 WL 1906845, at *6. Undermining the BOP's sensible quarantine procedures would run directly counter to that interest in public safety. The limited exercise and dietary

---

[2] <u>See</u> https://www.bop.gov/coronavirus/index.jsp (last visited Oct. 28, 2020).

options faced by defendant while he is in quarantine are no doubt onerous in light of his back pain and prediabetes, but they are not so extraordinary and compelling as to require that defendant be released before completing quarantine. Accordingly, it is hereby

ORDERED that defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 108] be and is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record and the United States Probation Office.

Entered this 29 day of October, 2020.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge